IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ISAAC MITCHELL, SR.              :       CIVIL ACTION
                                 :
          v.                     :
                                 :
JOHN E. WETZEL, Acting           :
Secretary, Pennsylvania          :
Department of Corrections,       :
et al.                           :       NO. 11-cv-2063


MEMORANDUM

McLaughlin, J.                                  August 15, 2013


        Isaac Mitchell, a post-conviction petitioner seeking

relief from a sentence of death, was appointed counsel by this

Court to represent him in the instant habeas corpus proceeding

pursuant to 28 U.S.C. § 3599(a)(2).  Mitchell's federal case has

been placed in suspense pending exhaustion of his state court

remedies.  In Mitchell's state court litigation, he is appealing

the Pennsylvania Court of Common Pleas' denial of his petition

under the state Post Conviction Relief Act ("PCRA").  Mitchell

now moves for an order from this Court directing his federally

appointed counsel, the Federal Community Defender Organization,

Eastern District of Pennsylvania ("FCDO"), to exhaust his claims

in state court.

        This motion is one of three pending motions before this

Court involving the FCDO's representation of Mitchell in state

and federal court. The instant motion was filed by Mitchell in his federal habeas case and requests that the Court expand the scope of his federally funded representation from the FCDO to include his state court claims ("Authorization Motion"). This Court also considers two motions filed in a corresponding case involving a hearing to disqualify the FCDO as counsel for allegedly using federal funds in its state court representation of Mitchell. In re Proceeding in Which the Commonwealth of Pennsylvania Seeks to Compel the Defender Association of Philadelphia to Produce Testimony and Documents and to Bar it from Continuing to Represent Defendant Mitchell in State Court, 13-1871 ("In re FCDO"). The Commonwealth has moved to remand the hearing to state court, and the FCDO has moved to dismiss it under Fed. R. Civ. P. 12(b)(6).

The Court will resolve the instant Authorization Motion before deciding the pending motions in In re FCDO. If the Court were to grant the instant motion, the Commonwealth's motion to remand and the FCDO's motion to dismiss would likely both be mooted.

In this opinion, the Court denies the FCDO's Authorization Motion. In a separate opinion also filed today,

2

the Court denies the Commonwealth's motion to remand and grants

the FCDO's motion to dismiss.

I.    Factual and Procedural Summary

        The Court incorporates by reference its recitation of

facts in a memorandum of law filed today in the related case, In

re FCDO, 13-1871 (Aug. 15, 2013).  To summarize, Isaac Mitchell

is represented in his state and federal post-conviction

proceedings by attorneys with the FCDO.  The FCDO represents

Mitchell in his federal habeas corpus proceeding pursuant to an

appointment by this Court on April 15, 2011; it represents

Mitchell in his state post-conviction proceeding in its capacity

as a "not-for-profit private entity" and as individual members

of good standing of the Pennsylvania bar.  Order 4/15/11 (Docket

No. 5); Authorization Mot., at 8 (Docket No. 7).

        As to the state court proceeding, the FCDO entered its

appearance as Mitchell's counsel on September 20, 2010.  At that

point, the Pennsylvania Court of Common Pleas had denied

Mitchell's PCRA petition and the time for filing an appeal had

elapsed.  The FCDO reinstated Mitchell's PCRA appellate rights,

issued discovery requests, and investigated Mitchell's prior and

collateral claims in the course of preparing Mitchell's PCRA

appeal.  It filed its PCRA appeal brief with the Pennsylvania

Supreme Court on September 13, 2012.  Authorization Mot., at 6;

see also Initial Brief, Commonwealth v. Mitchell, No. 617 Cap.

App. Dkt.

Shortly after Mitchell's PCRA appeal was filed, counsel

for the Commonwealth petitioned the Pennsylvania Supreme Court

to remove the FCDO as counsel in Mitchell's state proceeding

("Motion for Removal").  The Commonwealth argued that the FCDO

should be disqualified because it violated its funding

obligations under federal law.  Authorization Mot., exh. B.

On January 10, 2013, by a per curiam order, the

Pennsylvania Supreme Court remanded the motion to the Court of

Common Pleas of Philadelphia County ("PCRA Court").  The

Pennsylvania Supreme Court directed the PCRA court to hold a

hearing to determine whether the FCDO used federal grant monies

in its state court representation of Mitchell ("PCRA hearing").

If, at the hearing, the FCDO could not demonstrate that its

actions were privately financed, it ordered the PCRA to remove

the FCDO from Mitchell's case.  Id., exh. A.

The FCDO removed the PCRA hearing to federal court under

the federal officer removal statute, 28 U.S.C. § 1442, and it

argued that the hearing should be dismissed for failing to state

a claim for relief.  The Commonwealth has disputed both the

propriety of the FCDO's notice of removal and the arguments made

in the FCDO's motion to dismiss.

The removal of the PCRA hearing and the resolution of the

ensuing motions have delayed Mitchell's post-conviction

proceedings.  To the Court's knowledge, the Commonwealth has not

filed its opposition to Mitchell's PCRA appeal.  In the

meantime, Mitchell's health has significantly deteriorated.

Mitchell was diagnosed with amyotrophic lateral sclerosis ("ALS"

or "Lou Gehrig's Disease") in July 2012, a degenerative disease

that has impacted his motor and neurological abilities.  He is

currently housed in the Department of Corrections' medical

facility at SCI Lauren Highlands.  Id. at 6, 15.

On March 14, 2013, Mitchell filed the instant motion with

this Court, requesting that the Court expressly authorize the

FCDO to pursue Mitchell's state court proceedings in the scope

of its federally funded duties.  Mitchell maintained his

position that such an order is not legally necessary because the

FCDO may represent him in state court without federal

authorization; he hoped, however, that the order could expedite

a resolution to his post-conviction proceedings.  He contended

that such an order is available and proper in light of a number

of "unique circumstances" pertaining to his case.  Id. at 12.

The Commonwealth filed its opposition to the motion on

March 28, 2013 and the FCDO filed its reply on April 10, 2013.

The Court heard oral argument on this motion on June 27, 2013.

II. Legal Analysis

In general, under the Criminal Justice Act, federal

courts may appoint counsel for indigent defendants seeking

habeas corpus relief under 28 U.S.C. § 2254 and 2255.  18 U.S.C.

§ 3006A(a)(2)(B).  Defendants seeking relief from sentences of

death are afforded additional protections under 18 U.S.C. §

3599.

18 U.S.C. § 3599 mandates that federally-funded counsel

be appointed to represent two classes of indigents facing the

death penalty:  defendants in federal criminal proceedings who

have been charged with a crime punishable by death; and

individuals like Mitchell who, having been sentenced to death in

state or federal court, are litigating their habeas corpus

claims under 28 U.S.C. § 2254 and 2255.  Relevantly, §

3599(a)(2) states:

> In any post conviction proceeding under section 2254
> or 2255 of title 28, United States Code, seeking to
> vacate or set aside a death sentence, any defendant
> who is or becomes financially unable to obtain
> adequate representation or investigative, expert, or
> other reasonably necessary services shall be entitled
> to the appointment of one or more attorneys and the
> furnishing of such other services . . . .

18 U.S.C. § 3599(a)(2). The qualifications of appointed counsel

are the subject of subsections (b) through (d). See, e.g., id.

§ 3599(c) (counsel must have three years of experience in

handling felony appeals); id. § 3599(d) (court may appoint a

second attorney "with due consideration to the seriousness of

the possible penalty and to the unique and complex nature of the

litigation.").

Once it is established that the individual is entitled to

counsel under subsection (a) and qualified counsel has been

appointed pursuant to subsections (b) through (d), subsection

(e) sets forth the appointed counsel's responsibilities. It

provides:

> Unless replaced by similarly qualified counsel upon
> the attorney's own motion or upon motion of the
> defendant, <u>each attorney so appointed shall represent
> the defendant throughout every subsequent stage of
> available judicial proceedings</u>, including pretrial
> proceedings, trial, sentencing, motions for new trial,
> appeals, applications for writ of certiorari to the
> Supreme Court of the United States, and all available
> post-conviction process, together with applications
> for stays of execution and other appropriate motions

and procedures, and shall also represent the defendant
in such competency proceedings and proceedings for
executive or other clemency as may be available to the
defendant.

18 U.S.C. § 3599(e) (emphasis added).

Subsection (a)(2) triggers the appointment of counsel for

habeas petitioners, and subsection (e) governs the scope of the

counsel's duties upon such appointment.  Harbison v. Bell, 556

U.S. 180, 185 (2009).  "[O]nce federally funded counsel is

appointed to represent a state prisoner in § 2254 proceedings,

she shall also represent the defendant" in other stages of

subsequent and available judicial proceedings.  Id.

In the instant case, the FCDO was appointed by this Court

to represent Mitchell in his 28 U.S.C. § 2254 proceeding.  The

issue before the Court is whether the scope of this federally

funded representation may be expanded to include Mitchell's PCRA

appeal, a state post-conviction proceeding that typically occurs

before the initiation of a federal habeas case.

As a preliminary matter, the Court rejects the

Commonwealth's argument that the Court need not reach § 3599(e)

in the first instance.  At oral argument, the Commonwealth

contended that the FCDO's motion is incompatible with the

provision of § 3599(a)(2) that permits appointment only if an

indigent petitioner is "unable to obtain adequate

representation."  18 U.S.C. § 3599(a)(2).  Because, under

Pennsylvania law, Mitchell would be entitled to court-appointed

counsel for purposes of his PCRA appeal, the Commonwealth argues

that he is "able" to obtain adequate representation and does not

qualify for appointment of counsel.

     The Commonwealth's argument misconstrues the procedural

posture of the FCDO's request.  The FCDO is not seeking a new

appointment of counsel under § 3599(a)(2); it has already been

appointed pursuant to that subsection to represent Mitchell in

his § 2254 proceeding.  What remains to be decided is whether,

within the scope of the FCDO's federally funded representation,

it may be authorized to pursue Mitchell's state post-conviction

claims.  See Harbison v. Bell, 556 U.S. at 185 ("Under a

straightforward reading of the statute, subsection (a)(2)

triggers the appointment of counsel for habeas petitioners, and

subsection (e) governs the scope of appointed counsel's

duties.").[1]

---

[1] Mitchell's case parallels Harbison v. Bell, where the
question was also whether counsel appointed under § 3599(a)(2)
was authorized to represent her client in other judicial
proceedings.  556 U.S. at 183-84.  Harbison's counsel had been
appointed pursuant to § 3599(a)(2), and Harbison sought to
"expand the authorized scope of her representation" to include

To determine the scope of available proceedings under 18

U.S.C. § 3599(e), the Court is guided by the Supreme Court's

decision in Harbison v. Bell.  The Harbison Court considered

whether § 3599(e) authorized federally-appointed counsel to

represent a state death row petitioner in his state clemency

proceedings.  556 U.S. at 183.  It concluded that, because the

clemency proceeding ordinarily took place in a "subsequent"

stage of judicial proceedings, representation was proper under §

3599(e).  Id. at 188 ("[C]ounsel's representation includes only

---

state clemency proceedings.  Id. at 182.  The Supreme Court
analyzed the issue under § 3599(e) without re-analyzing §
3599(a)(2).  Id. at 185-86.

   The Harbison Court distinguished its facts from a
hypothetical involving an appointed lawyer's duties in a re-
trial once habeas relief was granted.  It held that in that
situation, a re-trial is a "new" proceeding and would need to go
through § 3599(a)(2) analysis again.  If, at that point, the
petitioner was able to obtain adequate representation for
purposes of the "new" re-trial, then the motion would fail under
§ 3599(a)(2).  Id. at 189.

   The Supreme Court also distinguished a situation, such as
the one faced by Mitchell, in which a state post-conviction
proceeding remains pending after the appointment of federal
counsel.  The Court's analysis focused solely on the language of
§ 3599(e), particularly the "subsequent" language.  Id. at 189-
90.  It never asserted that its reasoning about state post-
conviction proceedings would be mooted by § 3599(a)(2) if
counsel for these proceedings had been made available by the
state.

10

those judicial proceedings transpiring 'subsequent' to her appointment.").

Harbison specifically addressed the situation where federal counsel had been appointed for purposes of a § 2254 claim and the petitioner now requests that the federal counsel pursue his state post-conviction claims. The Court held that, although the state court proceeding is technically "subsequent" to a federal appointment, this situation was not contemplated by § 3599(e). In the "ordinary course of proceedings for capital defendants," petitioners must exhaust their claims in state court before seeking federal habeas relief. "That state postconviction litigation sometimes follows the initiation of federal habeas because a petitioner has failed to exhaust does not change the order of proceedings contemplated by the statute." Id. at 189-90 (internal citations omitted).

The Supreme Court also provided an exception to its holding. In a footnote, it stated that a district court "may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation." Id. at 190, n.7. The Court made clear that this exception was not encompassed within the statutory meaning of "available post-conviction process;" instead, it was

11

made possible pursuant to § 3599(e)'s provision that counsel may represent her client in "other appropriate motions and procedures."  Id.

In Mitchell's case, he is litigating a state post-conviction proceeding after federal counsel was appointed to pursue his § 2254 claim.  The Harbison Court explicitly held that this type of proceeding is not in the ordinary course of "subsequent" available proceedings.  The Court's analysis therefore turns on whether it should grant Mitchell's motion insofar as it is an "appropriate motion[]" as discussed in the Harbison footnote.

Harbison did not clarify the circumstances under which the exception should be applied:  it states only that a Court may direct federal counsel to exhaust state claims if it determines, "on a case-by-case basis," that it is "appropriate." The Court's decision must stay consistent with the general purpose and reasoning of the Harbison decision; and, its exercise of discretion may not permit Harbison's footnote exception to swallow its rule.  Guided by this reasoning, the Court denies Mitchell's motion.

The Court first considers the fact that state law guarantees counsel for purposes of Mitchell's PCRA appeal.  Pa.

12

R. Crim. P. 904 (H)(1) ("At the conclusion of direct review in a

death penalty case, . . . the trial judge shall appoint new

counsel for the purpose of post-conviction collateral review.");

id. at 904(H)(2)(b) ("[T]he appointment of counsel shall be

effective throughout the post-conviction collateral proceedings,

including any appeal from disposition of the petition for post-

conviction collateral relief."). The Court affords special

weight to the fact that, by virtue of state law, Mitchell will

be provided court-appointed counsel in his PCRA appeal

regardless of this Court's action.

In the course of holding that Harbison's state clemency

proceedings were authorized under § 3599(e), the Supreme Court

observed that Tennessee state law did not provide counsel for

petitioners pursuing state clemency. Id. at 182. It reasoned

that such a holding was consistent with Congressional intent in

enacting § 3599(e): "it is entirely plausible that Congress did

not want condemned men and women to be abandoned by their

counsel at the last moment and left to navigate the sometimes

labyrinthine clemency process from their jail cells." Id. at

194.

Mitchell, in contrast, would never be "abandoned" by

counsel and left to navigate the PCRA appeal process by himself.

13

If the Court were to deny Mitchell's motion, he would still be entitled, under state law, to counsel who would assist in pursuing his PCRA appeal.  It is not "appropriate" for this Court to direct the FCDO to litigate this action in place of a state-appointed counsel.  See, e.g., Hill v. Mitchell, No. 98-452, 2009 WL 2898812, at *4-6 (S.D. Ohio Sept. 4, 2009).

The Court is also reluctant to order FCDO counsel to pursue Mitchell's claims in state court in light of the case's unique federalism concerns.  Unlike the state of Tennessee in Harbison, which had taken the position that it held "no real stake in whether an inmate receives federal funding for clemency counsel," the Commonwealth of Pennsylvania has elected to take an adversarial position and has contended that state PCRA appeals should not be covered under § 3599.  Harbison, 556 U.S. at 192, n.9; see also Comm. Opp. to Mot. at 2.

The FCDO currently represents Mitchell in its capacity as a nonprofit public defender organization, independent from its federal authorization under § 3599(a)(2).  If the Court were to authorize the FCDO, in the scope of its federally funded representation, to litigate Mitchell's case in state court, such an order would "put the district court[] in the position of overseeing, and thus indirectly managing, counsel's performance

14

in the state court proceeding." <u>Gary v. Warden, Georgia</u>

<u>Diagnostic Prison</u>, 686 F.3d 1261, 1278 (11th Cir. 2012).

Granting the FCDO's Authorization Motion thus raises a set of

federalism concerns that are not triggered if the FCDO continued

to represent Mitchell in its private capacity.[2]

Most of the "unique circumstances" referenced by the FCDO

are not unique. For example, it argued that the FCDO has

represented Mitchell in state court for a number of years

without objection from the Commonwealth. It also argued that it

entered Mitchell's case to prevent a possible denial of his

right to a PCRA appeal. Authorization Mot. at 15, 21. The FCDO

has conceded, however, that it represents a number of similarly-

situated petitioners in their state court proceedings. These

petitioners had each been appointed § 3599 counsel and their

cases were suspended pending exhaustion of state remedies. Tr.

Hr'g 6/27/13 90:10-23. The Court cannot read <u>Harbison</u> to mean

that all petitioners may be excepted out of the Supreme Court's

---

[2] There is also a difference between affirmatively ordering
the FCDO to pursue Mitchell's state claims in the scope of its
federally funded duties, which is the subject of the instant
motion, and holding that a state court may not decide whether
the FCDO is in compliance with § 3599 and the CJA, which is the
subject of the <u>In re FCDO</u> decision.

holding by virtue of their procedural posture and the length of
delay in their respective courses of litigation.

The FCDO's most convincing point is that Mitchell's
illness will make it unusually difficult to familiarize himself
with new counsel and to provide assistance with his appeal.  The
Court is sympathetic to the situation of Mitchell, who, through
no fault of his own, would need to exert effort to develop a
relationship with new counsel and whose PCRA appeal decision may
be delayed as a result.  This concern is somewhat mitigated by
the fact that new counsel would be able to incorporate the
FCDO's previously-filed briefs and would be able to benefit from
the FCDO's investigative and legal groundwork.

The FCDO has not pointed to, and the Court has not
independently found, any similarly-situated cases that invoked
the Harbison footnote exception to expand the scope of available
representation under § 3599(e).  E.g., Gary v. Warden, Georgia
Diagnostic Prison, 686 F.3d 1261, 1278 (11th Cir. 2012) (denying
motion seeking counsel to pursue DNA motion); Hill v. Mitchell,
No. 98-452, 2009 WL 2898812, at *5 (S.D. Ohio Sept. 4, 2009)
(denying motion seeking counsel for state court Atkins
litigation); see also Irick v. Bell, 636 F.3d 289, 291 (6th Cir.
2011) (denying motion on other grounds).

In Geren v. Carey, the Eastern District of California utilized the Harbison footnote to grant the petitioner's motion under very narrow circumstances. Geren v. Carey, No. 05-1344, 2009 WL 3273290 (E.D. Cal. Oct. 9, 2009). There, the petitioner's state proceedings had stalled due to a lack of funding for his expert witness. The court exercised its discretion to provide federal funding in order to exhaust the state court claim. In doing so, it emphasized that this was a "unique situation where granting funding to exhaust the state court proceeding will provide the momentum to move the case forward quickly and not perversely offend traditional notions of comity and federalism." Id. at *6; see also id. (noting that "these unique circumstances fit the tiny exception that the Supreme Court described in Harbison.").

In light of these factors, it would not be appropriate for this Court to exercise its discretion to authorize the FCDO to pursue Mitchell's state proceedings within the scope of its federally funded duties. To hold otherwise would allow Harbison's footnote exception to swallow its rule.

An appropriate order shall issue separately.

17